IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAX HOLLAND<br>9208 Wooden Bridge Road<br>Potomac, MD   20854,<br><br>            Plaintiff,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD   20740,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Max Holland brings this action against Defendant U.S. National Archives and Records Administration to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.   The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.   Plaintiff Max Holland is a private citizen residing in Potomac, Maryland.   He is a journalist, author, and editor of Washington Decoded, an online publication.   A 1972 graduate of Antioch College, he is a contributing editor to *The Nation* and the Wilson *Quarterly*, and sits on the editorial advisory board of the *International Journal of Intelligence and CounterIntelligence*. In addition, he is the author, editor, or co-author of six books, most recently *Leak: Why Mark Felt*

*Became Deep Throat* (University Press of Kansas, March 2012) and *Blind over Cuba: The Photo Gap and the Missile Crisis* (Texas A&M University Press, September 2012). His articles have appeared in a variety of general and scholarly publications, including the *Atlantic Monthly*, *American Heritage*, the *New York Times*, the *Washington Post*, *Los Angeles Times*, *Boston Globe*, *Baltimore Sun*, *Studies in Intelligence*, the *Journal of Cold War Studies*, *Reviews in American History*, and online at *History News Network*. He has also received numerous grants in support of his research and writing, including fellowships from the Woodrow Wilson International Center for Scholars, National Endowment for the Humanities, German Marshall Fund, and the Guggenheim Foundation. In 2001, Mr. Holland won the J. Anthony Lukas Work-in-Progress Award, bestowed jointly by Harvard University's Nieman Foundation and the Columbia University School of Journalism, for a forthcoming narrative history of the Warren Commission, to be published by Alfred A. Knopf. That same year he won a Studies in Intelligence Award from the Central Intelligence Agency, the first writer working outside the US government to be so recognized. In 1989, Business Week named his first book, *When the Machine Stopped*, one of the top ten business books of the year.

     4.     Defendant is an agency of the United States Government and is headquartered at U.S. National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

5. On December 5, 2012, Plaintiff sent a FOIA request to Defendant by certified mail, return receipt requested, seeking access to the following:

> Copies of the seven records identified in the enclosed "Documents from the Robert F. Kennedy Papers: Attorney General's Confidential File which have been identified by the JFK Assassination Records Review Board as 'Assassination Records.'"

*See* Exhibit 1 to Complaint.

6. Plaintiff received a signed, certified mail receipt indicating that Defendant received Plaintiff's FOIA request on December 10, 2012. *See* Exhibit 2 to Complaint.

7. Defendant was required to determine whether to comply to Plaintiff's request within 20 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. Excluding weekends and the intervening Christmas holiday (December 25, 2012) and New Years Day holiday (January 1, 2013), Defendant was required to make its determination and provide Plaintiff with the requisite notifications by January 9, 2013.

8. As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency. Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

9. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 12, 2013                    Respectfully submitted,

                                                                                      JUDICIAL WATCH, INC.

                                                                                      /s/ Paul J. Orfanedes
                                                                                      D.C. Bar No. 429716
                                                                                      425 Third Street, S.W., Suite 800
                                                                                       Washington, DC 20024
                                                                                      (202) 646-5172

                                                                                      *Attorneys for Plaintiff*